UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 94-207-CR-T-24(A)

EMILIO JED GREEN
_____/

ORDER

Before the Court are two motions filed by Defendant styled "Petition for Relief from Judgment under Fed.R.Civ.P. 60(b)(6) Pursuant to now 'Ineligible' Consecutive Sentence of 18 U.S.C. § 924(c) 'firearm enhancement' imposed 'consecutive' to 18 U.S.C. § 924(e) (ACCA) See: United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and Alleyene v. United States, No. 11-9335" (D-98), and "Petition to Amend the Fed.R.Civ.P. 60(b) Motion for Relief from Judgment. The Supreme Court Decision in Abbott v. United States, 131 S.Ct. 18, 23, 178 L. ED. 2d 348 (2010), the Supreme Court Thus Abrogated the Decisions of the Court of Appeals for the Second Circuit in Williams and Whitley, 59 F.3d 150 (2d Cir. 2008). The Petitioner now Concedes that the Whitley Claims are 'Meritorious'" (D- 99).

On November 28, 1994, a jury found Defendant guilty of Counts One through Four of the Indictment for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count One), armed bank

robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count Two), use of a firearm in the commission of a violent crime in violation of 18 U.S.C. § 924(c) (Count Three), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Four). On May 1, 1998, the Court sentenced Defendant to 60 months imprisonment as to Count One, 300 months imprisonment as to Count Two, 294 months imprisonment as to Count Four, and 120 months as to Count Three, to be served consecutive to the terms imposed as to Counts One, Two and Four. Defendant's total term of imprisonment is 35 years. His projected date of release is May 2025.

On January 24, 1997, the Eleventh Circuit Court of Appeals affirmed in part and reversed in part the Defendant's conviction and remanded for the purpose of vacating the restitution portion of Defendant's sentence. (D-70.) In September 1998, Defendant filed a motion to vacate, set aside or correct sentence based on ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. In August 1999, the Court denied the motion. In May 2000, the Eleventh Circuit denied Defendant a certificate of appealability.

Defendant returns to this Court, nearly 15 years after his sentencing and nearly 13 years after the Eleventh Circuit denied him a certificate of appealability, again attacking his sentence, this time under the guise of Rule 60(b)(6). Defendant's original

2

and amended motions are convoluted and, at times, unintelligible. As best as the Court can determine, Defendant appears to contend that his consecutive sentences as to Counts Two and Three constituted impermissible "double counting."

Rule 60(b) can be used to attack the order denying a prisoner's § 2255 motion in limited circumstances. A Rule 60(b) motion that seeks to add new grounds for relief or attacks a district's court previous resolution of claims on the merits should be construed as a successive § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005).

Here, Defendant attempts to raise claims that he did not raise in his original § 2255 motion. That motion was disposed of long ago. As such, his motions must be regarded as successive petitions. A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Defendant has not demonstrated that he has met the foregoing requirement. As such, the Court lacks jurisdiction to consider motions, and they must be dismissed.

The Court ORDERS as follows:

(1) Defendant's "Petition for Relief from Judgment under Fed.R.Civ.P. 60(b)(6) Pursuant to now 'Ineligible' Consecutive Sentence of 18 U.S.C. § 924(c) 'firearm enhancement' imposed 'consecutive' to 18 U.S.C. § 9249e) (ACCA) See: United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and Alleyene v. United States, No. 11-9335" (D-98), and his amended motion, entitled "Petition to Amend the Fed.R.Civ.P. 60(b) Motion for Relief from Judgment. The Supreme Court Decision in Abbott v. United States, 131 S.Ct. 18, 23, 178 L. ED. 2d 348 (2010), the Supreme Court Thus Abrogated the Decisions of the Court of Appeals for the Second Circuit in Williams and Whitley, 59 F.3d 150 (2d Cir. 2008). The Petitioner now Concedes that the Whitley Claims are 'Meritorious'" (D-99) are DISMISSED for lack of jurisdiction.

DONE AND ORDERED at Tampa, Florida this 17th day of January, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

4